IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LACEY MAE DEISS,

Plaintiff,

v.

SHEILA ERICKSON, SCOTT ERICKSON, WENDY DEISS, LISA M. HIRSCHMAN, PETER J. RINDAL, MIKE MAJOR, and MARCIE ROSAS,

Defendants.

OPINION AND ORDER

26-cv-229-wmc

Plaintiff Lacey Mae Deiss is a resident of Eau Claire, Wisconsin, who is representing herself. Plaintiff has filed a complaint under 42 U.S.C. § 1983, asking the court to assume jurisdiction over the local police's investigation of her daughter's death. Because plaintiff is proceeding without prepayment of the filing fee, the court is required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim, or seeks relief from a defendant who by law is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening a complaint filed by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under this lenient standard, plaintiff's complaint must be dismissed, although the court will grant her an opportunity to amend.

## OPINION

Federal Rule of Civil Procedure 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's one-page complaint consists of little more than ten sentences. Plaintiff reports that her daughter, J.D., died as the result of "a toxicology concentration of 28,000 ng/ML of Diphenhydramine."[1] Defendant Marcie Rosas, who is identified as a medical examiner, ruled the death an "intentional suicide" based on information from a "non-parent," but plaintiff claims that the "extreme concentration precludes self-administration," making suicide a physical impossibility. Without identifying his role or job title, plaintiff claims that defendant Mike Major has maintained a "bad-faith 'open' investigation for months" that has blocked access to unspecified evidence, which plaintiff characterizes as "fraudulent concealment." Plaintiff claims further that the local district attorney has "an active conflict of interest" that is "preventing local resolution," though she does not explain what she means by this. Finally, plaintiff does not identify the district attorney nor any of the other defendants and she does not otherwise explain their involvement.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). To demonstrate liability under § 1983, a plaintiff must at a minimum allege sufficient facts showing that an individual personally caused

[1] The age of plaintiff's daughter is not clear from the pleadings. In an abundance of caution, the court uses her initials and will ask the clerk's office to redact her full name from the complaint as required by Federal Rule of Civil Procedure 5.2(a)(3) in the event that she was a minor.

or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Plaintiff's bare allegations fall well short of stating a plausible claim and do not satisfy the minimal pleading standard found in Rule 8.

Moreover, while unquestionably concerning, plaintiff's implicit suggestion that local officials have failed to conduct an adequate investigation into her daughter's tragic death does not, standing alone, state a right to relief. *See Han-Noggle v. City of Albuquerque*, No. 13-CV-894, 2014 WL 12618193, at *4 (D.N.M. Aug. 5, 2014) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (allegations of inadequate investigation are insufficient to state a civil rights claim "unless there was another recognized constitutional right involved")); *see also Callihan v. Sudimack*, 117 F.3d 1420, 1997 WL 397212, at *3 (6th Cir. 1997) (unpublished) (there is no constitutional "right to know a decedent's true cause of death through an autopsy and criminal investigation"); *Coleman v. Poi*, No. 24-cv-522-wmc, 2026 WL 1283954, at *2 (W.D. Wis. May 11, 2026) (there is no due process right that requires further investigation once a cause of death has been determined). To the extent plaintiff suggests foul play, the decision to investigate and charge an individual with criminal violations is not vested within the courts but is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). As a result, this court cannot assume jurisdiction over the investigation, as plaintiff requests.

Therefore, while sympathetic to plaintiff's circumstances, the court must dismiss the complaint. However, the dismissal is without prejudice, and plaintiff may file an amended complaint that includes a short and plain statement showing that she has a plausible right to

relief against the named defendants. Plaintiff should draft her proposed amended complaint as if she is telling a story to someone who knows nothing about her situation, paying particular attention to providing details about what each individual defendant did or did not do and the dates they occurred. If she submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff Lacey Mae Deiss is DENIED leave to proceed, and her complaint is DISMISSED without prejudice for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. In compliance with Federal Rule of Civil Procedure 5.2(a)(3), the clerk's office is DIRECTED to redact the name of plaintiff's daughter from the original complaint (dkt. #1).

3. Plaintiff may have until September 14, 2026, to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 14th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge